UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAVID E. MCCLAIN,

                                          Plaintiff,

                     -against-

THE UNION CENTRAL LIFE INSURANCE
COMPANY,

                                      Defendant.

------------------------------------------------------------------------X

Civil Action No. 07 CV 5947
(CLB)

**AFFIRMATION OF
NORMAN L. TOLLE**

Norman L. Tolle affirms under the penalties of perjury as follows:

1.     I am a partner in the law firm of Rivkin Radler LLP, counsel for The Union Central Life Insurance Company ("Union Central") and, as such, am fully familiar with all the facts and circumstances herein.

2.     Attached hereto as Exhibit "A" is a copy of David E. McClain's ("Plaintiff's) Complaint dated June 20, 2007 in which he seeks reinstatement of premium waiver benefits under a certificate of group life insurance issued to him by Union Central and an award of extra contractual damages. While the Complaint alleges four causes of action, nowhere does plaintiff allege the amount of damages he seeks.

3.     As is set forth in the affidavit of Carol Schweitzer, the certificate of insurance issued to plaintiff provides that if plaintiff's premium waiver benefit terminates, he has the unconditional right to convert his group life coverage to an individual policy of life insurance in the same face amount as his group life coverage under the Certificate. The First Cause of Action seeks a declaratory judgment that, *inter alia*, Union Central is obligated to provide Plaintiff with premium waiver benefits. The Second Cause of Action alleges breach of contract. The Third

Cause of Action alleges a breach of covenant of good faith and fair dealing. The Fourth Cause of Action alleges a violation of New York General Business Law ("GBL") section 349.

4.     As is set forth in Carol Schweitzer's affidavit, had plaintiff applied for a conversion policy, he would have paid less than $10,000 in premiums for the conversion policy by the date he filed this lawsuit. The amount of premium he would have paid from the date the conversion policy would have been issued to the date of the filing of the lawsuit should be the measure of plaintiff's damages.

5.     Since the premiums that plaintiff would have paid for a conversion policy is less than $75,000, this Court lacks subject matter jurisdiction.

6.     Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Union Central now moves for an Order dismissing the Plaintiff's Complaint for lack of subject matter jurisdiction.

7.     The accompanying Memorandum of Law sets forth Union Central's factual and legal arguments for dismissal.

Dated:   Uniondale, New York
         August 28, 2007

                              Respectfully submitted,

                              RIVKIN RADLER LLP
                              Attorneys for Defendant
                              THE UNION CENTRAL LIFE
                              INSURANCE COMPANY

By:     _____
                              NORMAN L. TOLLE, ESQ. (NT – 5081)
                              926 RexCorp Plaza
                              Uniondale, New York 11556-0926
                              (516) 357-3000

TO:    Evan M. Foulke, Esq.
       FOULKE LAW OFFICES
       Attorneys for Plaintiff
       1997 Route 17M
       Goshen, New York  10924

2068869 v1