UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DAVID E. MCCLAIN,

                              Plaintiff,

-against-

THE UNION CENTRAL LIFE INSURANCE
COMPANY,

                              Defendant.

-------------------------------------------------------------------X

Civil Action No. 07 CV 5947 (CLB)

**AFFIDAVIT OF CAROL SCHWEITZER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

STATE OF OHIO                      )
                                              ) ss.:
COUNTY OF HAMILTON    )

Carol Schweitzer, being duly sworn, deposes and says:

1.      I am a Senior Examiner, employed by The Union Central Life Insurance Company ("Union Central") and as such am familiar with the records maintained by Union Central concerning group life insurance policy number G306123A (the "Policy") and the certificate of insurance issued to David E. McClain ("Plaintiff") pursuant to the Policy (the "Certificate"). I submit this Affidavit in support of Union Central's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

2.      Attached to my affidavit are true and accurate copies of the following documents which are part of the file maintained by Union Central relating to Plaintiff's claim for premium life insurance waiver benefits under the Certificate:

        a.      Certificate issued to Plaintiff under the Policy (Exhibit "A"); and

    b.  Letter, dated July 7, 1998, from Union Central to Plaintiff confirming that Plaintiff was insured for the sum of $120,000 under the Certificate (Exhibit "B").

    3.  These documents are maintained by Union Central in the course of its regularly conducted business activities, and it is the regular practice of Union Central to maintain such documents.

    4.  The Certificate provides life insurance coverage to eligible employees and includes a premium waiver life insurance benefit, which waives premium payments during the period of an employee's total disability, as defined under the Policy ("Waiver Benefit"). Specifically, the Certificate indicates that:

> **Qualifying for Continued Insurance.** Employee Term Life Insurance will continue in force during the period of total disability
> . . .
>
> **Premium for Continued Insurance.** Premiums due for the Insurance under [the total disability] Option A or Option B above will be waived from the date the person becomes totally disabled." Premiums due under Option C will apply to the same extent they would if the person was both insured and not totally disabled.

    5.  The Certificate contains a conversion privilege, which allows the insured to convert his group life insurance coverage under the Certificate into an individual life insurance once the insured's group life insurance terminates ("Conversion Privilege"). Plaintiff's group life insurance terminated when Union Central determined that he was no longer disabled. The Certificate contains the following provisions relating the to the Conversion Privilege:

> **(1) When the Conversion Privilege Applies.** The conversion privilege is allowed when the Employee Term Life Insurance reduces or ceases as described in item (A) or (B)
>  (A) An employee may convert all or part of the amount of insurance that ceases due to: (I) provisions of the COVERAGE SCHEDULE; or (II) loss of eligibility. However no conversion is allowed for life insurance which ceases solely due to nonpayment of contributions.

>  (B) An employee may convert part of the amount of Insurance that ceases due to: (I) termination of this Policy; (II) amendment of the Policy to terminate the employee's Eligible Class; or (III) amendment of the Policy to reduce the amount of Insurance in an employee's Eligible Class. This amount is reduced by any new life insurance amount for which the person becomes eligible under another group policy issued within 31 days of termination under the Policy.
>
> (2) **Conversion Policy Available.** A conversion policy will be any type of Individual life insurance policy, other than term life insurance, then being issued by the Insurer. However, term life insurance may be an initial part of a conversion policy for a period of no more than one year. The conversion policy will not include accidental death, disability or other supplementary benefits. It will be issued without evidence of Insurability.
>
> (3) **Effecting a Conversion Policy.** A conversion policy will take effect at the end of 31 days after Insurance termination. To convert, a person must submit the following to the Insurer within the 31-day period:
> (a) Written application
> (b) The first premium payment
>
> (4) **Conversion Policy Premium Rate.** The premiums for the conversion policy will be at: (a) the Insurer's usual rate for its type and amount; (b) the person's class of risk; and (c) the person's age nearest birthday as of its effective date.

6. On or about July 3, 1997, Union Central approved the Plaintiff's claim for the Waiver Benefit and waived his premium payments until about June 21, 2005, when Union Central terminated the Plaintiff's Waiver Benefit on the ground that Plaintiff was no longer totally disabled. Following the termination of his Waiver Benefit, Plaintiff did not apply for a Conversion Policy.

7. Had Plaintiff applied for a Conversion Policy, he could have converted to an Interim Term policy with an annual premium of $2,684.48. The Interim Term Policy is a term policy for a period of up to one year and then converts to a whole life policy and the premium would increase to whole life rates at the Insured's age at that time. The annual premium for a

whole life policy at age 59 would have been $5,883.00. Therefore, had plaintiff been issued a Conversion Policy, the premium payable for the period from June 21, 2005 to June 22, 2007 would have been less than $10,000.

WHEREFORE, it is respectfully requested that an Order be entered granting Union Central's motion to dismiss the Plaintiff's complaint, together with such other and further relief as this Court may deem just and proper.

*Carol Schweitzer*

Sworn to before me this
25th day of August 2007.

_____
Notary Public

JOHN FRANKLIN KIRTLEY, II
ATTORNEY AT LAW
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

2069106 v2

4