UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAVID E. MCCLAIN,

                              Plaintiff,

      -against-

THE UNION CENTRAL LIFE INSURANCE
COMPANY,

                              Defendant.

------------------------------------------------------------------X

Civil Action No. 07 CV 5947
(CLB)

## MEMORANDUM OF LAW IN SUPPORT OF
## THE UNION CENTRAL LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

RIVKIN RADLER LLP
Attorneys for Defendant
The Union Central Life Insurance Company
926 RexCorp Plaza
Uniondale, New York 11556
(516) 357-3242

Of Counsel:
Norman L. Tolle, Esq.

**PRELIMINARY STATEMENT**

Defendant, The Union Central Life Insurance Company ("Union Central") respectfully submits this Memorandum of Law, together with the Affirmation of Norman L. Tolle ("Tolle Aff.") and the Affidavit of Carol Schweitzer ("Schweitzer Aff.") and accompanying exhibits in support of its motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("F.R.C.P.") for an Order dismissing David E. McClain's ("Plaintiff's") complaint for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was employed as a Logistics Manager at Our Lady of Mercy Medical Center. (Complaint ¶ 18). As a benefit of employment, Plaintiff was provided with life insurance through Group Life Insurance Policy No. G306123A issued by Union Central (the "Policy"). (Complaint ¶ 20). Pursuant to the Policy, Union Central issued Plaintiff a Certificate of Insurance (the "Certificate") insuring Plaintiff's life in the amount of $120,000 (the "Death Benefit"). See Schweitzer Aff. Exh. A.

The Certificate contains a premium waiver benefit, which waives premium payments for an insured's life insurance coverage during a period of total disability (the "Waiver Benefit"). Schweitzer Aff. ¶ 4. In addition, the Certificate contains a conversion privilege that provides the insured with the option of converting his group life insurance coverage into an individual life insurance should his group life insurance coverage terminate (the "Conversion Privilege"). Schweitzer Aff. ¶ 5. Under the Conversion Privilege, the individual life insurance policy (the "Conversion Policy") is issued for the amount of the Death Benefit without evidence of insurability. See Schweitzer Aff. Exh. A.

Plaintiff alleges that he became totally disabled as defined in the Certificate on or about July 3, 1997 and submitted a claim to Union Central for the Waiver Benefit. (Complaint ¶ 19, 25, 35). Union Central approved the Plaintiff's claim for the Waiver Benefit and continued his group life insurance coverage without Plaintiff's payment of premium. (Complaint ¶ 35). Premiums continued to be waived until 2005, when Union Central, by letter dated June 21, 2005, terminated Plaintiff's Waiver Benefit under the Certificate, having determined that Plaintiff was no longer totally disabled. (Complaint ¶ 36). Following the termination of Waiver Benefits, Plaintiff did not apply for a Conversion Policy. See Schweitzer Aff. ¶ 6. Had a Conversion Policy been issued effective June 21, 2005, Plaintiff would have paid less than $10,000 in premiums by the date he filed his Complaint on June 22, 2007. See Schweitzer Aff. ¶ 7.

On or about June 20, 2007, Plaintiff commenced this action with the service of a Summons and Complaint (the "Complaint"), which alleges four causes of action against Union Central. A copy of the Complaint is attached as Exhibit A to the Tolle Aff. Plaintiff asserts causes of action for declaratory judgment (First Cause of Action), breach of contract (Second Cause of Action), breach of the covenant of good faith and fair dealing (Third Cause of Action) and violation of New York General Business Law ("GBL") §349 (Fourth Cause of Action). (Complaint ¶¶ 63-83). However, nowhere in the Complaint does Plaintiff seek any specific monetary damages.

Plaintiff's damages must be measured by the amount of premiums he would have paid for the Conversion Policy from the date it would have been issued to the date the Complaint was filed. As stated above, this amount is less than $10,000. Plaintiff is not entitled to include future premium payments in his calculation of damages and his claims for breach of the covenant of good faith and fair dealing and violation of GBL §349 are subject to dismissal.

Since Plaintiff cannot satisfy the amount in controversy requirement for invoking diversity jurisdiction under Title 28 U.S.C. § 1332(a), Union Central now moves this Court for an order, pursuant to F.R.C.P. Rule 12(b)(1), dismissing Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction.

Accordingly, for the reasons set forth below, the Court should grant Union Central's motion to dismiss the Plaintiff's Complaint.

## STANDARD FOR DISMISSAL

F.R.C.P. Rule 12(b)(1) "requires a district court to dismiss a complaint when it lacks 'jurisdiction over the subject matter.'" Graubart v. Jazz Images, Inc., 2006 U.S. Dist. LEXIS 24828, at 6 (S.D.N.Y. May 1, 2006); Frisone v. Pepsico, Inc., 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (citations omitted) (under F.R.C.P. "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient"). The party asserting subject matter jurisdiction has the "burden of proving, by a preponderance of the evidence that it exists." Frisone, 369 F. Supp. 2d at 469 (citations omitted); Graubart, 2006 U.S. Dist. LEXIS 24828 at 6 (citing Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003)).

"In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." Robinson v. Government of Malaysia, 269 F.3d 133, 139 (2d Cir. 2001). "In considering such a motion, while the Court 'must accept as true all material factual allegations in the complaint,' it is 'not to draw inferences from the complaint favorable to plaintiffs.'" Graubart, 2006 U.S. Dist. LEXIS 24828, at 6 (citing J.S. ex rel. N.S. v. Attica Central Sch., 386 F.3d 107, 110 (2d Cir. 2004)). In fact, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." Id. (citations

omitted). Accordingly, the court may decide whether subject matter jurisdiction exists "on the basis of affidavits or other evidence, and no presumptive truthfulness attaches to the complaint's jurisdictional allegations." Frisone, 369 F. Supp. 2d at 469-70 (citations omitted).

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURSIDICTION OVER THE PLAINTIFF'S ACTION AS THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000

**A.   The Damages Sought in Plaintiff's First and Second Causes of Action Do Not Exceed $75,000**

Title 28 U.S.C. section 1332, provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 22 U.S.C. § 1332,(a) (2007). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Graubart, 2006 U.S. Dist. LEXIS 24828, at 8 (citations omitted); Conzo v. SMA Life Assurance Co., 2003 U.S. Dist LEXIS 7409, at 3 (S.D.N.Y. May 6, 2003). The amount in controversy requirement is generally met initially if plaintiff's good faith allegations establish that the amount in dispute is more than $75,000. Ross v. Commc'n, Intelligence Corp., 272 F. Supp.2d 279, 283 (S.D.N.Y. 2003) (citing Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 (2d Cir. 2002)). However, if the jurisdictional facts that support the amount in controversy are challenged, "the party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" Ross, 272 F. Supp. 2d at 283 (citing AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994). A court cannot dismiss a diversity action because of a jurisdictional amount deficiency unless it appears

5

to a "legal certainty" that the claim is below the jurisdictional threshold. Id.; Graubart, 2006 U.S. Dist. LEXIS 24828, at 8.

In determining whether the jurisdictional requirement is met, "the court must measure amount in controversy as of the date of the complaint." Graubart, 2006 U.S. Dist. LEXIS 24828, at 9-10; Conzo, 2003 U.S. Dist LEXIS 7409, at 3 (amount in controversy is determined at the commencement of the action). As a result, "when an insured is seeking benefits accrued under an [insurance] policy, the amount in controversy is determined by the amount recoverable at the time of the action." Berlly v. U.S. Life Ins. Co., 2001 U.S. Dist. LEXIS 269, at 3-4 (S.D.N.Y. 2001) (citations omitted).

A court cannot look to continuing damages or any future payments under a policy to determine the amount in controversy because under New York law, "a plaintiff seeking to recover on an insurer's breach of an insurance policy generally cannot recover future payments, nor can such a plaintiff generally obtain a declaration with respect to the insurer's future obligations." Brauner v. Provident Life and Cas. Ins. Co., 1998 U.S. Dist. LEXIS 23042 at 4 (E.D.N.Y Mar. 24, 1998); see also Berlly v. U.S. Life Ins. Co., 2001 U.S. Dist. LEXIS 269, at 4 (reasoning that plaintiff cannot recover future payments as New York prohibits plaintiffs from recovering anticipatory breach benefits under an insurance policy); Wurm v. Comm. Ins. Co. of Newark, New Jersey, et al., 308 A.D.2d 324, 327 (1st Dep't 2003) ("Generally an insured who sues its insurer for failure to pay benefits under a policy may only recover benefits that have already accrued"). A narrow exception exists only if "the plaintiff is able to show that the insurer completely repudiated the contract." Brauner, 1998 U.S. Dist. LEXIS 23042 at 4-5. However, repudiation "cannot be inferred solely from the failure of the insurer to pay . . . benefits claimed by the insured." Id. (citing MaGee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 585

(E.D.N.Y. 1997) quoting Apostolou v. Mutual of Omaha Ins. Co., 72 A.D.2d 781, 421 N.Y.S.2d 600 (2d Dep't 1979))).

Moreover, it is well-established that a court may "only consider the entire value of an insurance policy if the validity of the policy or contract itself is at issue." Conzo, 2003 U.S. Dist LEXIS 7409, at 3.

Here, this Court lacks subject matter jurisdiction because the amount in controversy is not above the jurisdictional threshold. The only reference to any amount in controversy in Plaintiff's Complaint is Plaintiff's conclusory allegation that the "amount in controversy in this matter exceeds the sum of $75,000.00." (Complaint ¶ 16). In fact, nowhere in the Complaint does Plaintiff seek any specific monetary damages. The Complaint only contains boilerplate language that "Union Central is liable for damages, the exact amount to be proven at trial." (Complaint ¶¶ 75, 79).

Although Plaintiff was insured for the sum of $120,000 under the Certificate, that sum cannot be the measure of damages since the validity of the Certificate is not at issue. See, e.g., Conzo, 2003 U.S. Dist LEXIS 7409, at 3. Further, the measure of damages cannot be any past or future Waiver Benefits to which Plaintiff claims entitlement since, if found to be totally disabled, his group life insurance coverage would continue and he would not have to pay any premium. Rather, since there is an unconditional Conversion Privilege in the Certificate which allows an insured who is no longer found to be totally disabled, to apply for and receive an individual life insurance policy, the correct measure of damages is the amount of premium payments that the Plaintiff would have paid had he applied for and been issued the Conversion Policy. The amount of these premiums for the period from June 21, 2005 (when his waiver Benefit ended) to June 22, 2007 (when he filed the Complaint), is less than $10,000.

Therefore, it is clear to a legal certainty that Plaintiff's First and Second Causes of Action do not meet the amount in controversy requirement necessary to establish this Court's subject matter jurisdiction.

### B. Plaintiff's Third Cause of Action Must Be Dismissed Because it Fails to State a Cause of Action.

Plaintiff's Third Cause of Action alleges a breach of the implied covenant of good faith and fair dealing, and seeks consequential damages. However, because New York law recognizes neither a discrete cause of action for bad faith denial of insurance claims nor an entitlement to consequential damages under such circumstances, this count must be dismissed.

Under New York law, there is no "tort duty of care flowing to the insured separate and apart from the insurance contract." New York Univ. v. Cont'l Ins. Co., 87 N.Y. 2d 308, 318, 639 N.Y.S.2d 283, 288 (1995). Further, "'the implicit contractual duties of good faith and fair dealing' are not sufficient to state a 'violation of a duty independent of the contract.'" Makuch v. N.Y. Cent. Mut. Fire Ins. Co., 12 A.D.3d 1110, 1111, 785 N.Y.S.2d 236, 237 (4th Dep't 2004) (quoting Scavo v. Allstate Ins. Co., 238 A.D.2d 571, 572 (2d Dep't 1997)). In New York University v. Continental Insurance Company et al., 87 N.Y.2d at 316, 639 N.Y.S.2d at 288, the New York Court of Appeals dismissed the plaintiff's claim for breach of the covenant of good faith, finding it duplicative of his claim for breach of contract, and stated that "where a party is merely seeking to enforce its bargain, a tort claim will not lie. . . ."

Even if found not to be duplicative of the contractual claim, an allegation of failing to act in good faith is simply not sufficient to support a claim for extra-contractual damages. In Dekel v. Unum Provident Corp., 2007 U.S. Dist. LEXIS 17819, at 3 (E.D.N.Y. Mar. 14, 2007), the insured alleged that the insurer acted in bad faith by engaging in a practice of "terminating high-dollar claims without any justification." However, the Court held that "New York law does not

8

recognize a tort of bad faith denial of coverage by an insurance company." Id. Moreover, the Court did not find any evidence of an independent tort sufficient to sustain a claim for extra-contractual damages. Id., at 4; see also Mindset Ltd. v. Quality Controlled Biochemicals, Inc., 2000 U.S. Dist. LEXIS 268, 5-6 (S.D.N.Y. Jan. 14, 2000) ("[t]he breach of a contract does not give rise to tort liability unless a legal duty independent of the contract itself has been violated"); Teller v. Bill Hayes Ltd., 213 A.D.2d 141, 630 N.Y.S.2d 769 (2d Dep't 1995) (dismissing claim where the plaintiff was not able to allege a duty owed by the defendant to the plaintiff other than that contained in the contract).

Here, Plaintiff's Third Cause of Action fails to allege an independent tort separate and apart from the breach of contract claim. Plaintiff's allegations that Union Central, *inter alia*, interpreted ambiguous Policy provisions and factual circumstances in its favor, failed to provide a reasonable explanation for its denial of benefits, failed to have Plaintiff examined by medical professionals, failed to inform Plaintiff of insurance coverage, failed to provide a copy of the policy, compelled Plaintiff to institute this action, misrepresented Policy coverages, conditions, and exclusions, and refused to provide documents that Union Central reviewed (Complaint ¶ 78) is simply a list of implicit contractual duties of good faith and fair dealing that New York does not recognize as an independent tort violation. In fact, Plaintiff concedes that its bad faith claim is based on the insurance policy's "implied promise that Union Central would deal fairly and in good faith with Mr. McClain and would do nothing to injure, frustrate, or interfere with Mr. McClain's rights to receive the benefits of the Policy." (Complaint ¶ 77). Therefore, Plaintiff's bad faith claim is subsumed within his breach of contract claim and his Third Cause of Action must be dismissed.

### C. Plaintiff's Fourth Cause Of Action Must Be Dismissed Because It Fails To State A Cause Of Action

GBL §349 provides in relevant part that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349 (McKinney 2005). To maintain a cause of action under GBL §349, a plaintiff must show (1) that the defendant's conduct is "consumer oriented"; (2) that the defendant is engaged in a "deceptive act or practice"; and (3) that the plaintiff was injured by this practice. Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 24-26, 623 N.Y.S.2d 529, 532-33 (1995); see also Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc., 3 N.Y.3d 200, 205-06, 785 N.Y.S.2d 399, 402 (2004) ("in order to make a valid section 349 claim, a plaintiff must allege both a deceptive act or practice directed toward consumers and that such act or practice resulted in actual injury to a plaintiff"); Stutman v. Chemical Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895-96 (N.Y. 2000); Rabouin v. Metropolitan Life Ins. Co., 25 A.D.3d 349, 351 806 N.Y.S.2d 584, 585 (1st Dep't 2006).

Here, Plaintiff's Complaint clearly fails to meet these criteria. Plaintiff's allegations that that Union Central's denial of his Waiver Benefit amounts to "egregious tortious conduct" directed at him by "failing to conduct a proper investigation," that its actions "are part of a pattern of similar conduct directed at the public generally," and that "the breach of a disability insurance policy . . . harms society in general by forcing the public to undertake the obligation to provide benefits that the insurance company wrongfully denied" (Complaint ¶¶ 52, 53, 54, 60) are nothing more than conclusory, self-serving statements that are clearly insufficient to support a claim under GBL §349.

1.  **Plaintiff's Complaint Fails to Allege "Consumer-Oriented" Conduct**

It is well settled that to state a claim under GBL section 349, a plaintiff must, "as a threshold matter, ... charge conduct of the defendant that is consumer-oriented," which is defined as conduct that "potentially affect[s] similarly situated consumers." Oswego Laborers' Local 214 Pension Fund, 85 N.Y.2d at 26, . Consumer-oriented conduct does not require a repetition or pattern of deceptive conduct, but a plaintiff must "demonstrate that the acts or practices have a broader impact on consumers at large." Id. at 25. Accordingly, the courts of this state have long recognized that "[p]rivate contract disputes between the parties" do not "fall within the ambit of the statute." Id.; accord, New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 320-21, 639 N.Y.S.2d 283, 290-91 (1995); see Teller v. Bill Hayes, Ltd., 213 A.D.2d 141, 145, 630 N.Y.S.2d 769, 772 (1995)("the deceptive act or practice may not be limited to just the parties."); MaGee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 586 (E.D.N.Y. 1997) ("[t]he injury must be to the public generally as distinguished from the plaintiff alone.") (citing Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co., 834 F. Supp. 605, (E.D.N.Y. 1993)); Harary v. Allstate Ins. Co., 983 F. Supp. 95, 98 (E.D.N.Y. 1997) (private contractual disputes do not fall within GBL §349 because they are "unique to the parties").

Here, Plaintiffs' Fourth Cause of Action must be dismissed because the dispute between Plaintiff and Union Central is nothing more than a private contract dispute concerning whether Plaintiff is totally disabled and therefore entitled to Waiver Benefits under the Certificate. Not only is this disagreement plainly "unique to the parties," but Plaintiff has not even attempted to allege consumer-oriented conduct on Union Central's part. Plaintiff only provides general and totally unsupported allegations that "Union Central's actions directed at Mr. McClain are part of a pattern of similar conduct directed at the public generally," and that "the breach of a disability insurance policy . . . harms society in general by forcing the public to undertake the obligation to

11

provide benefits that the insurance company wrongfully denied." These allegations are clearly insufficient to establish the "broader impact on consumers at large" that is needed to sustain this cause of action.

2.  **Plaintiff's Complaint Fails to Allege Facts Supporting a Purported Deceptive Act or Practice by Union Central**

The Court of Appeals has held that the "deceptive act or practice" requirement set forth in GBL section 349 means that the plaintiff must show that the defendant "engaged in an act or practice that is misleading in a material way and that the plaintiff has been injured by reason thereof." Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y. 2d 330, 344 (1999) (quoting Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 620 (1999). The Court of Appeals also defined a "deceptive act or practice" as "a representation or an omission likely to mislead a reasonable consumer acting reasonably under the circumstances." Id. at 344 (quoting Karlin v. IVF Amer., Inc., 93 N.Y.2d 282, 294, 690 N.Y.S.2d 495, 501 (1999), and Oswego, 85 N.Y.2d at 26, 623 N.Y.S.2d at 532 (1995)). Therefore, GBL section 349 contemplates only conduct by the defendant that is misleading, and upon which the plaintiff justifiably relied to his detriment.

Plaintiff's allegations fail to identify any deceptive act on the part of Union Central upon which he relied to his detriment. His claim that Union Central did not investigate claims promptly or adequately is certainly not evidence of a "deceptive" or "misleading" practice. His other claim, that Union Central violated "mandated standards of conduct for insurance companies," must be disregarded as no factual evidence of any deceptive act or practice is provided. Plaintiff may not be permitted to simply "hypothesize" with respect to the existence of facts. Grand Gen. Stores, Inc. v. Royal Indem. Co., 1994 U.S. Dist. LEXIS 5251, at 4 (S.D.N.Y. April 22, 1994) (holding that the allegations set forth in plaintiff's cause of action under GBL §

12

349 failed to state a claim where "except for a conclusory statement at the end of a list of allegations regarding [the defendant's] conduct. . . [plaintiff] failed to include any evidence of the existence of the claims settlement policy designed to deceive the public at large"); Moses v. City Corp. Mortgage, Inc., 982 F. Supp 897, 903 (E.D.N.Y. 1997) ("conclusory allegations have been held to be insufficient to state a claim under § 349"); Levitt v. City of Utica, 57 A.D.2d 693, 694, 393 N.Y.S.2d 805, 807 (3d Dept. 1977) ("conclusory allegations devoid of factual content or support. . .[do not] provide a basis for leave to replead"); Guthartz v. City of New York, 84 A.D.2d 707, 708, 443 N.Y.S.2d 841, 842 (1st Dept. 1981).

Based on the foregoing, it is evident that the Plaintiff has pled neither "consumer-oriented behavior" nor "a deceptive act or practice." Accordingly, his Fourth Cause of Action is clearly insufficient to meet the standards set by the courts for maintaining a GBL §349 cause of action and must be dismissed.

## CONCLUSION

For all the reasons set forth herein, it is respectfully requested that the Court issue an Order, pursuant to F.R.C.P. Rule 12(b)(1) dismissing the Plaintiff's Complaint for lack of subject matter jurisdiction.

Dated: Uniondale, New York
       August 28, 2007

By: /s/ Norman Tolle
Norman Tolle (NT 5081)

RIVKIN RADLER LLP
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3242
Attorneys for Defendant
The Union Central Life Insurance Company

TO:   Evan M. Foulke, Esq.
       FOULKE LAW OFFICES
       Attorneys for Plaintiff
       1997 Route 17M
       Goshen, New York 10924

2068880 v1

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             ) SS. :
COUNTY OF NASSAU             )

I, Lisa Sullo being sworn, say:

I am not a party to the action, am over 18 years of age and reside in West Babylon, New York.

On August 28, 2007, I served the within **Memorandum Of Law In Support Of The Union Central Life Insurance Company's Motion To Dismiss Plaintiff's Complaint,** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Evan M. Foulke, Esq.
FOULKE LAW OFFICES
Attorneys for Plaintiff
1997 Route 17M
Goshen, New York  10924

_____
Lisa Sullo

Sworn to before me this
28th day of August, 2007

_____
Notary Public

SUSAN M. DAVIES
Notary Public, State of New York
No. 01DA6129334
Qualified in Suffolk County
Commission Expires June 20, 2009